UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80161-CIV-HURLEY/HOPKINS

KENNETH LYALLS, on behalf of
himself and those similarly situated,

    Plaintiff,

v.

KAUFF'S, INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S
## MOTION TO STAY AND COMPEL ARBITRATION

**THIS CAUSE** is before the court upon the defendant's motion to stay and compel arbitration. The defendants seeks this form of relief based on the parties' pre-existing agreement to participate in non-binding arbitration. For the reasons discussed below, the court will grant the defendant's motion.

### BACKGROUND

This is an FLSA action for overtime compensation. The defendant have moved to stay and compel arbitration based upon an agreement between the parties to submit employment disputes to non-binding arbitration. Specifically, the agreement reads, in relevant part:

> The employee agrees to non-binding arbitration of any employment disputes through use of AlphaStaff's Alternative Dispute Resolution procedure.

The plaintiff opposes submission of this case to arbitration, contending that this agreement should not be enforced because it is procedurally and substantively unconscionable. The plaintiff claims that the arbitration agreement is procedurally and substantively unconscionable because, *inter alia*,

the plaintiff does not recall seeing the document, he considers it to have been a contract of adhesion, and the agreement is overly broad and ambiguous.

## DISCUSSION

The court may decline to enforce an arbitration agreement on the ground that it is unconscionable. *Palm Beach Motor Cars Ltd., Inc. v. Jeffries*, 885 So.2d 990, 992 (Fla. 4th DCA 2004). Under Florida law, in order to invalidate an arbitration clause, the court must find that it is <u>both</u> procedurally and substantively unconscionable. *Id*.

"Procedural unconscionability relates to the manner in which the contract was entered and involves such issues as the relative bargaining power of the parties and their ability to know and understand the disputed contract terms." *Id*. For example, the court might find that a contract is procedurally unconscionable if important terms were "hidden in a maze of fine print and minimized by deceptive sales practices." *Powertel v. Bexley*, 743 So.2d 570, 576 (Fla. 1st DCA 1999).

In this case, the plaintiff alleges that he does not recall ever seeing the employment agreement, that the arbitration provision was "hidden among the numerous forms" he was asked to sign, and that the provision was written in small print without any bolding or particular emphasis. After carefully reviewing the parties' agreement, the court concludes that the arbitration clause is not procedurally unconscionable. First, the plaintiff does not dispute that his signature appears at the bottom of the agreement. Further, the text of the provision is plainly visible, one of the eight bulleted points under the "AlphaStaff/Client Company/Employee Relationship" section. Finally, the text immediately above the plaintiff's dated signature states: "I certify that I have read, understand, and agree to the requirements and conditions explained in the AlphaStaff/Client Company/Employee Relationship section." These factors belie the plaintiff's contentions that he did not see the arbitration clause or that it was hidden. The plaintiff's procedural unconscionability argument lacks

merit.

Substantive unconscionability, in contrast, focuses on the actual agreement and whether the terms are unreasonable and unfair. *Jeffries*, 885 So.2d at 992. Essentially, the court must determine whether the arbitration provision is "so outrageously unfair as to shock the judicial conscience." *Prieto v. Healthcare and Retirement Corp. of America*, 919 So.2d 531, 533 (Fla. 3d DCA 2005). In evaluating substantive unconscionability, courts have looked to factors such as the cost of the arbitration proceeding and whether the provision requires one or both parties to give up certain remedies, such as punitive damages or injunctive relief. *Jeffries*, 885 So.2d at 992; *see also Powertel*, 743 So.2d at 576 ("One indicator of substantive unconscionability is that the agreement requires the customers to give up other legal remedies.").

Here, the plaintiff argues that the terms of the arbitration agreement are overly broad, that the plaintiff's needs are less likely to be addressed, and that the form was offered on a "take it or leave it approach." With respect to the plaintiff's claim that the arbitration agreement was offered on a "take it or leave it" approach, this argument in more in the nature of procedural unconscionability. Regardless, "mere inequality in bargaining power ... is not a sufficient reason to hold that arbitration agreements [are unenforceable]." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1378 (11th Cir.2005) (quoting *Saturna v. Bickley Constr. Co.*, 252 Ga.App. 140, 555 S.E.2d 825, 827 (2001)). In addition, the arbitration clause does not limit the legal remedies of either party in any way. Indeed, because the arbitration is non-binding, the plaintiff has the option of taking its employment dispute to court should the arbitration turn out to be unsuccessful. There is no evidence before the court that the arbitration proceeding would be particularly onerous or costly. Finally, the defendant has represented to the court that AlphaStaff's Alternative Dispute Resolution procedure conforms to the rules of the American Arbitration Association, providing the plaintiff with ample safeguards

Order Granting Defendant's Motion to Stay and Compel Arbitration
Lyalls v. Kauff's, Inc.
Case No. 07-80161-CIV-HURLEY/HOPKINS

during the arbitration proceedings. As a result, the court determines that clause is not substantively unconscionable.

Because the court concludes that arbitration provision is neither procedurally nor substantively unconscionable, the court will simply enforce the parties' agreement to submit their dispute to non-binding arbitration.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. The defendant's motion to stay and compel arbitration [DE # 7] is **GRANTED**.

2. The plaintiff is directed to participate in non-binding arbitration.

3. There being nothing further for the court to resolve at this time, the Clerk of the Court is directed to **CLOSE** this case and to **DENY** any motions not otherwise ruled upon as moot.

4. This order is without prejudice to the plaintiff's right to file a motion to re-open this case upon the completion of non-binding arbitration.

**DONE** and **SIGNED** in chambers at West Palm Beach, Florida this 9 day of August, 2007.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*